# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8782 | **DATE** | 9/6/2002 |
| **CASE TITLE** | Bundalo vs. Secco et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant Norwood Park's motion (Doc 29-1) to strike the section entitled "Affirmative Allegations" in Bundalo's answer to Norwood Park's counterclaim. Likewise we grant the motion to strike the section of Bundalo's answer to the counterclaim entitled "Affirmative Defenses" that claims there is not a fiduciary relationship between Bundalo and Norwood Park.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 9 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 36 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT   courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 0 9 2004

| CYNTHIA BUNDALO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | 01 C 8782 |
| ROCCO SECCO and THE TOWNSHIP OF NORWOOD PARK, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on a motion to strike Plaintiff/Counterdefendant's "Affirmative Allegations" and one affirmative defense in her answer to the counterclaim. For the reasons set forth below we grant the motion to strike both the "Affirmative Allegations" and the affirmative defense addressed in this motion.

## BACKGROUND

Plaintiff Cynthia Bundalo ("Bundalo") was employed by Defendant The Township of Norwood Park ("Norwood Park"). Bundalo alleges that she was employed as a secretary, office manager and eventually as a clerical employee. She claims that at no time did she engage in policy-making or have confidential duties. Norwood Park admits only that Bundalo worked as a secretary and performed



functions such as food service and other clerical work. Bundalo claims that she was required to perform political work as a condition of her employment in violation of her First and Fourteenth Amendment rights. Bundalo was absent from work, claiming that she was constructively discharged, and was eventually officially terminated as an employee of Norwood Park.

Norwood Park has filed a counterclaim alleging that prior to leaving Norwood Park, Bundalo removed certain confidential documents, thereby breaching her fiduciary duty. Bundalo filed an answer to the counterclaim and included a section entitled "Affirmative Allegations" in which she claims that the counterclaim constitutes further harassment and was brought in retaliation for her refusal to perform political work. In her answer to the counterclaim she also includes a section entitled "Affirmative Defenses" in which she alleges that she did not have a fiduciary relationship with Norwood Park. Norwood Park is now moving, pursuant to Fed.R.Civ.Pro. Rule 12(f), to strike the "Affirmative Allegations" and the above mentioned statement in the section entitled "Affirmative Defenses."

We note that Bundalo has not filed an answer to this motion to strike as ordered by this court. Instead Bundalo has filed a partial answer and a proposed amended answer to Norwood Park's counterclaim. While the proposed amended answer to the counterclaim cures some of the problems alleged under this motion to strike, it also

contains material alterations such as introducing the affirmative defenses of unclean hands, and duress. We did not grant leave to file an amended answer to the counterclaim and the introduction of new issues is clearly inappropriate in light of the fact that we have ordered no reply by Norwood Park for this motion. Therefore, in making our determination we will only consider the proposed amended answer to the counterclaim to the extent that it cures any problem alleged by Norwood Park under this motion.

## LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides: "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As a general rule motions to strike are disfavored because of their tendency to delay the proceedings. *Heller Financial v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However, a motion to strike is not disfavored if it will "remove unnecessary clutter from the case" and "expedite" matters. *Id.*

## DISCUSSION

I. Affirmative Allegations

The section entitled "Affirmative Allegations" in Bundalo's answer to Norwood Park's counterclaim alleges that the counterclaim is merely additional harassment on

the part of Defendants. Bundalo has not introduced this claim in the proper manner and regardless, Bundalo has deleted this section in her amended answer to the counterclaim. Therefore, the motion to strike the section entitled "Affirmative Allegations" in Bundalo's answer to the counterclaim is granted.

II. Affirmative Defense

In her answer to Norwood Park's counterclaim, Bundalo states in a section entitled "Affirmative Defenses" that under Illinois law Bundalo did not have a fiduciary relationship with Norwood Park. We note that a motion to strike an affirmative defense is disfavored, and will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense and are inferable from the pleadings." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991)(quoting *Durham Indus. v. North River Ins. Co.*, 482 F.Supp. 910, 913 (S.D.N.Y. 1979). However, the lack of a fiduciary relationship statement in Bundalo's answer to the counterclaim does not constitute an affirmative defense and therefore is not entitled to such a stringent standard of protection. An affirmative defense is "a new matter which assuming the complaint to be true, constitutes a defense to it." BLACK'S LAW DICTIONARY 55 (5th ed. 1979); *See also* 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1270 (2d ed. 1990)(stating that an affirmative defense stems from the common law "which permitted

a defendant who was willing to admit that plaintiff's declaration demonstrated a prima facie case to then go on and allege additional new material that would defeat plaintiff's otherwise valid cause of action."). Norwood Park is correct when it argues that the statement claiming a lack of a fiduciary relationship merely refutes the claim of breach of fiduciary duty included in the counterclaim.

Bundalo cites *Sobel v. Franks*, 633 N.E.2d 820, 827 (1st Dist. 1994), to support its assertion that a lack of a fiduciary relationship can be considered an affirmative defenses under Illinois law. In *Sobel* the Defendant insurance agency provided a desk and phone to a sole proprietor insurance salesman in exchange for a portion of his commissions. *Id* at 822. Upon being told to leave the premises, the salesman sued for an accounting and other recovery and the Defendant agency alleged breach of fiduciary duty as an affirmative defense. *Id.* at 824-25. Bundalo argues that since breach of a fiduciary duty can be an affirmative defense, a lack of a fiduciary duty can also be an affirmative defense. This argument is without merit. To determine whether an assertion is an affirmative defense one must do more than simply match the claim with terms found in other cases. It is important to understand in what context the assertion is offered. In *Sobel* the Defendant in offering his affirmative defense of breach of fiduciary duty, was indicating that even if it had acted improperly, the Plaintiff was at

fault for breaching his fiduciary duty thereby precluding any recovery. The Defendant was not simply refuting the accounting claim being brought against him.

Therefore, the motion to strike the statement in the plaintiff's answer to the counterclaim alleging that there was no fiduciary relationship is granted. It is important to note, however, that we are not deciding today whether there was a fiduciary relationship between Bundalo and Norwood Park. The counterclaim alleges a breach of a fiduciary duty and thus this issue will be dealt with accordingly as we proceed towards a disposition of the counterclaim.

## CONCLUSION

Based on the foregoing analysis, we grant Norwood Park's motion to strike the section entitled "Affirmative Allegations" in Bundalo's answer to Norwood Park's counterclaim. Likewise we grant the motion to strike the section of Bundalo's answer to the counterclaim entitled "Affirmative Defenses" that claims there is not a fiduciary relationship between Bundalo and Norwood Park.

*Charles P. Kocoras*
Charles P. Kocoras
Chief Judge, United States District Court

Dated: ___September 6, 2002___